671 So.2d 454 (1995)
Betty Jo JOHNSON
v.
STATE of Louisiana Through the DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS.
No. 95 CA 0003.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Writ Denied January 5, 1996.
*456 Robert L. Beck, Jr., Alexandria, for Plaintiff-Appellant-I, Betty Jo Johnson.
W. Steve Mannear, Baton Rouge, for Defendant-Appellant-II, State of La. through the Dept. of Public Safety and Corrections.
Before CARTER and PITCHER, JJ., and CRAIN[1], J. Pro Tem.
HILLARY J. CRAIN, Judge Pro Tem.
Plaintiff, Betty Jo Johnson, brought this suit against the State of Louisiana through the Department of Public Safety and Corrections ("DPSC") and their employee, Chad Barrere, as a result of an automobile accident in which Ms. Johnson was a passenger in a van owned by DPSC and driven by Mr. Barrere.
After a bench trial, judgment was rendered ordering defendants, DPSC and Chad Barrere, to pay Ms. Johnson $9,060.26 for medical expenses and $5,000.00 in general damages. Both plaintiff and defendants appeal.

ASSIGNMENTS OF ERROR
Plaintiff makes the following assignments of error:
1. The district court was clearly wrong in finding that plaintiff failed to carry her burden of proof regarding causation.
2. The district court erred as a matter of law in failing to apply the presumption of causation as set forth in Housley v. Cense, 579 So.2d 973 (La.1991).
3. The district court erred in awarding only $9,060.26 in medical expenses and $5,000.00 in general damages and in rejecting plaintiff's claims for disability, lost wages, and loss of enjoyment of life.
Defendants assign as error the district court's award to plaintiff of $9,060.26 for medical expenses.

FACTS
On March 30, 1989, the DPSC van in which plaintiff was riding backed into a parked mail van. Plaintiff received medical attention immediately after the accident. The next day, plaintiff visited Dr. Edward Norton, a general practitioner, with complaints of headache and pain in her neck, shoulders, lower back, right knee and right arm. Dr. Norton diagnosed cervical and lumbar strain and treated Ms. Johnson accordingly.
At the time of the accident, Ms. Johnson was recovering from foot surgery performed by an orthopedic surgeon, Dr. Rifat Nawas. At a post-operative visit with Dr. Nawas in April, 1989, plaintiff complained of neck and lower back pain and related the circumstances of the accident to the doctor. He diagnosed neck and lower back strain/sprain and possible left sciatica. A muscle relaxant and anti-inflammatory were prescribed. Several weeks later, an MRI was performed on her lumbar region, which showed no significant abnormalities. Ms. Johnson discontinued her treatment with Dr. Norton and remained under Dr. Nawas care for the injuries she received in the accident.
In October, 1989, Dr. Nawas ordered an MRI of plaintiff's cervical region, as she continued to complain of pain. This test showed two herniated disks at C5 and C6. Ms. Johnson underwent an anterior diskectomy and inner body fusion in November, 1989. The surgery was performed by Dr. Nawas.
Ms. Johnson was released for work in February, 1990. She returned to her job as food technician at a local school. Ms. Johnson was required to assist in preparing and serving breakfast and lunch and cleaning the equipment and facility. The job involved manual labor including lifting and carrying weights in excess of thirty pounds.
Plaintiff continued to see Dr. Nawas with complaints of pain in the back of her neck, shoulders, arms and lower back. The doctor attributed part of her symptoms to the cervical disk injury aggravated by heavy work. In August, 1992, Dr. Nawas recommended *457 that Ms. Johnson take early retirement from her job with the school. He opined that Ms. Johnson has a permanent disability of ten to fifteen percent and should avoid employment which involves bending, repeated head turning, lifting over twenty-five pounds and working with her arms at heights above shoulder height. She did as the doctor suggested and took disability retirement.

ANALYSIS
Plaintiff's first two assignments of error relate to the court's ruling on causation. The court's discussion of causation in the written reasons for judgment is puzzling.
The district court found that the plaintiff carried her burden of proof regarding the occurrence of the accident, liability of defendants and her back condition. The court, however, specifically held that plaintiff "failed to carry her burden of proof by establishing the causal connection between the accident and her injuries." The court then awarded damages to plaintiff after finding no causal connection. The court reasoned that "the defendant[s] were negligent in causing this accident and are responsible for the proximate results thereof."

Causation
Plaintiff bears the burden of proving causation by a preponderance of the evidence. Maranto v. Goodyear Tire & Rubber Co., 94-2603, 94-2615, p. 3 (La. 2/20/95), 650 So.2d 757, 759. However, the plaintiff is entitled to a presumption of causation if a) she was in good health before the accident, b) symptoms of the alleged injury began with the accident and were thereafter continuously manifested, and c) the medical evidence shows a reasonable possibility of a causal connection between the accident and the injury. Housley v. Cerise, 579 So.2d 973, 980 (La.1991); Arceneaux v. Howard, 633 So.2d 207, 209-210 (La.App. 1st Cir.1993), writ denied, 93-3128 (La. 2/11/94), 634 So.2d 833. If the plaintiff can show that she is entitled to the presumption of causation, the burden of proof then shifts to the defendant to prove that some other particular incident could have caused the injury. Maranto v. Goodyear Tire & Rubber Co., 94-2603, 94-2615 at 6, 650 So.2d at 761.
Although plaintiff argued in her post-trial brief that the presumption of causation was applicable, there is no evidence in the record that the district court considered the applicability of the presumption.
The court's finding regarding causation is a finding of fact and must be reviewed under the manifest error standard. Housley v. Cerise, 579 So.2d at 979. However, if the plaintiff is entitled to the presumption of causation and the district court failed to apply the presumption, legal error resulted requiring a de novo review of the entire record to determine if causation was proved. Arceneaux v. Howard 633 So.2d at 211.
We must first determine whether the plaintiff was entitled to the presumption of causation. In order to make this decision, we must determine if plaintiff proved that she was in good health before the accident, symptoms of her injury were manifested at the time of the accident and continued thereafter, and medical evidence supports the reasonable possibility that the injury was caused by the accident.
We find that Ms. Johnson has shown that she was in good health at the time of the accident. On the date of the accident, Ms. Johnson was employed by the school board as a food technician. She held this job for approximately four and one-half years before the accident. Ms. Johnson was required to undergo annual physical examinations which, as stated by plaintiff, she passed. She testified that she had no physical problems before the accident which kept her from working, with the exception of heel surgery from which she was recovering at the time of accident.
The foot surgery was performed in October, 1988 by Dr. Rifat Nawas, an orthopedic surgeon. During the five months between the surgery and the accident, Ms. Johnson continued to see Dr. Nawas concerning her recovery from the surgery and never complained of any back or neck problems. At her first visit to Dr. Nawas after the accident, Ms. Johnson told him about the accident and her neck and back pain.
*458 Plaintiff's only prior neck and back problem arose as a result of a 1982 automobile accident. Ms. Johnson testified that she had been involved in an automobile accident in 1982 from which she suffered a bruise on her leg and stiffness in her shoulders, back and neck. She also testified that she was under a doctor's care for only eight months after the 1982 accident and never missed work.
We must next determine if symptoms of the alleged injury began with the accident and were thereafter continuously manifested. Ms. Johnson complained of neck and back pain immediately after the accident. The next day she sought the care of Dr. Norton who treated her for neck and back pain. She was then treated by Dr. Nawas who eventually diagnosed two ruptured cervical disks and performed an anterior diskectomy and inner body fusion in November, 1989. We find that the symptoms began with the accident and continued thereafter.
The last hurdle before the presumption of causation can be applied is a finding that medical evidence shows a reasonable possibility of a causal connection between the accident and the injury. We find that the medical evidence provided in this case shows a definite possibility that the accident caused Ms. Johnson's injuries. Dr. Nawas, Ms. Johnson's treating physician and surgeon, testified that the accident was the most probable cause of her neck, back and shoulder problems.
Plaintiff has shown that she was in good health prior to the accident, that the injuries were manifested immediately after the accident and that medical evidence shows a reasonable possibility that the accident caused her injuries. Therefore, we find that the presumption of causation should have been applied, and by failing to do so, the district court committed legal error.
Once there is legal error, the manifest error standard of review does not apply, and the court must review the entire record and make a de novo determination of whether causation was proved. Arceneaux v. Howard, 633 So.2d at 211.
As plaintiff is entitled to a presumption of causation, burden shifts to defendant to rebut this presumption.
Defendants argue that the 1982 automobile accident and a 1984 automobile accident were the causes of Ms. Johnson's cervical and lumbar problems. Ms. Johnson testified that she suffered no injury from the 1984 accident. Furthermore, the 1982 automobile accident occurred six years before the accident which is the subject of this suit, and Ms. Johnson testified that she only sought treatment for eight months and did not miss any work as a result of this accident.
Defendants also argue that the manual labor which Ms. Johnson was required to perform by her past occupations was a cause of her neck and back pain. Ms. Johnson did not seek any medical treatment for neck and back pain for six years preceding the accident which is the subject of this suit. She continued to work at a job which required heavy lifting, bending and stooping. She testified that she passed the annual physicals which were required.
Speculation does not create a realistic alternative cause. Dabog v. Deris, 625 So.2d 492, 495 (La.1993); Arceneaux v. Howard, 633 So.2d at 211. Defendants have offered no evidence to support their speculations regarding the cause of Ms. Johnson's neck and back problems.
We have reviewed the entire record and do not find any evidence of a cause of Ms. Johnson's neck and back injuries other than the accident at issue. Ms. Johnson was under the care of Dr. Nawas, an orthopedic surgeon, for several months before the accident and did not once complain of neck and/or back pain. Conversely, she spoke of neck and back pain immediately after the accident, sought treatment the day after the accident and complained of neck and back pain at her next appointment with Dr. Nawas. She continued to complain of pain and did not return to work until after the diskectomy which was done in November, 1989.
Defendants have failed to rebut the presumption of causation.

*459 Damages

We agree with the district court that plaintiff carried her burden of proof regarding the occurrence of the accident, liability of defendants and her injuries. As we have also found that plaintiff proved causation, a determination of damages must be made.
Normally the district court has vast discretion in awarding general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Here, the district court made a determination that the accident did not cause plaintiff's injuries, but still awarded some general damages. It would be sheer speculation on our part to try to determine what the trial judge intended. We do determine, however, that the full extent of plaintiff's injuries resulted from the accident. The award of damages must be based on this conclusion which is contrary to the conclusion of the trial judge. Under these circumstances, the general damage award of the trial judge is based on an erroneous legal conclusion and not subject to the vast discretion ordinarily afforded the district court.
Ms. Johnson has suffered considerable pain as a result of the accident. She was diagnosed as having herniated disks at two levels, C5-6 and C6-7, and aggravation of degenerative arthritis in the lower lumbar spine. Ms. Johnson had to undergo an anterior diskectomy and inner body fusion. She suffered an infection in the donor site of the bone graft which required antibiotics and drainage. She is no longer able to perform her customary work. She can no longer enjoy recreational activities such as bowling and fishing. Furthermore, it is her doctor's opinion that she will have neck stiffness and may suffer sporadic pain for the rest of her life as a result of the cervical injury. Dr. Nawas rated Ms. Johnson as having a ten to fifteen percent permanent disability.
In consideration of the foregoing, Ms. Johnson will be awarded $85,000.00 in general damages.
The plaintiff is required to prove special damages by a preponderance of the evidence, and the findings of the district court in this respect are subject to a manifest error standard. Jordan v. Travelers Insurance Co., 257 La. 995, 1007-1008, 245 So.2d 151, 155-156; Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). However, our differing conclusion with the district court on causation requires us to conduct a de novo review of special damages. Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707, 708 (La. 1980).
We find that plaintiff introduced ample evidence to prove past medical expenses amounting to $19,060.26 and should thus be awarded same.
Plaintiff was evaluated by a vocational rehabilitation expert, Craig L. Feldbaum, Ph.D., who testified that Ms. Johnson is employable at an entry level position which would pay minimum wage. It was also his opinion that due to Ms. Johnson's age, physical limitations and educational and employment background as well as the local labor market and the type of positions for which Ms. Johnson is suited, it was more probable than not that she would be employed in part-time positions or in seasonal full-time positions. The result would be an annual income of 50% of that of an employee working full-time all year.
The deposition and report of Jan Warren Duggar, Ph.D., plaintiff's economic expert, introduced into evidence without objection, clearly establish that Ms. Johnson's past economic loss totals $19,560.00. Dr. Duggar also calculated plaintiff's future economic loss to be $78,569.00. This calculation was made using a 2% net discount rate. In determining plaintiff's future economic loss, consideration was given to the finding of Dr. Feldbaum that Ms. Johnson is employable in part-time or seasonal jobs paying minimum wage. We, therefore, find that Ms. Johnson's past and future economic loss is $98,129.00.

DECREE
For the foregoing reasons, that portion of the judgment of the district court awarding plaintiff $14,060.26 is AMENDED to read that "there be judgment in favor of plaintiff, Betty Jo Johnson, and against defendants, *460 State of Louisiana through the Department of Public Safety and Corrections and Chad Barrere, jointly, severally, and in solido, in the full sum and amount of TWO HUNDRED TWO THOUSAND, ONE HUNDRED EIGHTY-NINE AND 26/100 DOLLARS ($202,189.26), together with legal interest thereon from date of judicial demand until paid. In all other respects, the judgment is AFFIRMED. Costs of this appeal, in the amount of $494.69 are to be paid by defendants.
As AMENDED, the judgment is AFFIRMED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.