746 So.2d 171 (1999)
Mary Doyle OLDSTEIN and William Oldstein
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Allstate Insurance Company and Wayne Duplantis.
No. 99-CA-515.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 1999.
Michael Hingle, Ronald J. Favre, Michael Hingle & Associates, Inc., Slidell, Louisiana, Attorneys for Appellants, Mary Doyle Oldstein and William Oldstein.
E. Kelleher Simon, Simon, Rees and Simon, Covington, Louisiana, Attorney for *172 Appellee, State Farm Mutual Automobile Insurance Company, et al.
Court composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
In this personal injury case, the jury found in favor of the defendant. For the following reasons, we affirm.
The accident which forms the basis of this lawsuit occurred on October 15, 1990. Plaintiff, William Oldstein, was a passenger in a vehicle being driven by his wife, plaintiff, Mary Oldstein. The Oldsteins were waiting in traffic to exit the Wal-Mart parking lot onto Veterans Boulevard in Jefferson Parish when they were rearended by defendant, Wayne Duplantis. Testimony revealed that the impact was made at a very low speed.
At the time of the 1990 accident, the Oldsteins were involved in litigation from a prior vehicular accident, which occurred in 1987. Testimony also revealed that at the time of the 1990 accident, both plaintiffs were being treated for and/or still had complaints of pain from similar injuries suffered in the 1987 accident. Testimony further revealed that Mr. Oldstein had been involved in other accidents, both before and after the 1990 accident.
Plaintiffs filed this suit on March 5, 1991. On November 12, 1991, plaintiffs settled their claims against defendant State Farm and its insured, Wayne Duplantis. The matter proceeded to jury trial against plaintiffs' uninsured/underinsured motorist carrier, Allstate. On September 16, 1998, after several days of trial with numerous witnesses testifying (either live or via deposition) and voluminous records and exhibits being introduced, the jury returned a verdict in favor of defendant, finding that plaintiffs did not suffer any injuries as a result of the October 15, 1990 automobile accident. The jury verdict was thereafter made a judgment of the court, which dismissed plaintiffs' demands with prejudice. In this appeal, plaintiffs assign one error: that the jury was unreasonable in concluding that plaintiffs suffered no injuries as a result of the 1990 accident.
Plaintiffs claim on appeal that because plaintiffs proved at trial that they were both in good health prior to the 1990 accident, that plaintiffs should be entitled to a presumption of causation, citing Johnson v. State, Through Department of Public Safety and Corrections, 95-0003 (La. App. 1 Cir.10/6/95), 671 So.2d 454, writ denied, 95-2666 (La.1/5/96), 667 So.2d 522. We disagree. At trial, evidence was submitted that plaintiffs were not in good health prior to the 1990 accident. In fact, testimony revealed that at the time of the 1990 accident, plaintiffs were still seeing physicians for injuries they claimed to have suffered in the 1987 accident.
The record in this matter shows that the issue of whether plaintiffs suffered any injuries as a result of the 1990 accident was reasonably controverted at trial. While Mrs. Oldstein characterized the severity of the impact as being "moderate," Mr. Duplantis testified that while stopped about three feet behind the Oldstein vehicle, waiting to exit the Wal-Mart parking lot, his foot slipped off the brake and he "coasted into" the Oldstein vehicle at idle speed. Moreover, some of the physicians who examined plaintiffs opined that plaintiffs did not suffer any injuries as a result of the 1990 accident, and that the claimed injuries either pre-existed the 1990 accident or were or non-existent. Furthermore, the credibility of both plaintiffs' testimony was called into question at trial on cross examination.
The appellate standard of review on factual questions is well settled. On appellate review of a factual determination, the reviewing court may not set aside the jury's findings of fact in the absence of manifest error or unless they are clearly wrong. Arceneaux v. Domingue, 365 *173 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State, Through DOTD, 617 So.2d 880 (La. 1993). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
In the matter before us, there were two permissible views of the evidence. Based on the wealth of conflicting evidence and testimony presented at trial, the jury's finding that neither plaintiff suffered a compensable injury as a result of the 1990 accident is reasonable, and cannot be disturbed on appeal.
Accordingly, for the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.