J^GOTHARD, Judge.
Defendant, Zead Ellebnawi, appeals a judgment by the trial court which finds him 100% at fault in an automobile accident and awards damages in favor of plaintiffs, Stanley and Shirley Straughter. For reasons that follow, we affirm.
In this negligence action, the Straught-ers filed suit against Mr. Ellebnawi alleging that he disregarded a red traffic light at the intersection of Airline Highway and Roosevelt Drive in Kenner, causing a collision between Mr. Ellebnawi’s vehicle and a vehicle driven by Stanley Straughter. According to the allegations made in the petition, Stanley Straughter was driving a 1989 Chevrolet Beretta, owned by Shirley Straughter. Mr. Straughter was traveling northbound on Roosevelt at its intersection with Airline Highway in Kenner. The intersection is controlled by a traffic light which was green as Mr. Straughter began to make a left turn onto the westbound lane of Airline Highway.
[sThe petition further alleges that Mr. Ellebnawi, driving a 1986 Chevrolet owned by Assem Badr, disregarded a red light and struck the Straughter vehicle. The petition makes claims for damages for personal injuries to Mr. Straughter and property damages for Mrs. Straughter, and names Mr. Ellebnawi, as well as Mr. Badr and his insurance carrier, Big Easy Insurance Agency, Inc. as defendants.
*876 Mr. Ellebnawi answered the petition denying liability and making a reconventional demand against the Straughters and their insurance company, Clarendon National Insurance Co., for his injuries. In the petition for reconventional demand, Mr. Ellebnawi asserts that he was driving eastbound on Airline Highway. As he crossed the intersection with the green traffic light, his car was struck suddenly by Mr. Straughter’s vehicle as it crossed the intersection attempting to turn left onto Airline Highway.
There is no indication in the record that either Mr. Badr, or his insurer, Big Easy Insurance Agency, answered the petition. Clarendon filed an answer to the reconven-tional demand.
The record shows that a separate suit was filed by a guest passenger in the Straughter vehicle, Marvin Taylor. Mr. Taylor filed suit against Mr. Ellebnawi and his insurer, Omega One Insurance Company, Mr. Straughter and his insurance company, Clarendon, and Mr. Badr. The only answer filed in this suit was filed by Omega. A Motion to Consolidate the two lawsuits was filed by Mr. Ellebnawi. That motion was granted and the matters were consolidated.
|4Omega One Insurance Company, which is a party to the suit brought by Mr. Taylor, but not the suit brought by the Straughters, filed a “Motion to set for Trial on the Merits”.[1]
After a trial on the merits, the trial court found Mr. Ellebnawi 100% liable for the accident and awarded damages to the Straughters. Mr. Ellebnawi has appealed that judgment. There is no judgment as to damages to Mr. Taylor, although it appears that all of Mr. Taylor’s claims were still viable.[2] Further, there is no judgment against either Big Easy or Omega. The pleadings do not clarify whether Omega and/or Big Easy insures Mr. Ellebnawi and/or Mr. Badr. However, from arguments made on the record, it appears that Mr. Ellebnawi was driving a Taxi Cab with the permission of the owner, Mr. Badr. Apparently, Omega insures the vehicle and therefore provides coverage for Mr. Elleb-nawi.
The only appeal filed in this matter was filed by defendant, Zead Ellebnawi, and the only issue presented for review is the assessment of liability and the award of damages to the Straughters. Accordingly, our review is limited to those issues.
At the trial on the merits, the defense presented the deposition of an eyewitness to the accident, Jeffery Mores, Jr. Mr. Mores testified that he was traveling east on Airline Highway at about 11:30 a.m. on the day of the accident. The weather was clear and the traffic was light because it was |fiSunday. A taxi cab was traveling in the same direction, directly in front of Mr. Mores, about three car lengths ahead. The taxi approached the intersection of Airline Highway and Roosevelt which is controlled by a traffic light. There was a Chevrolet Beretta traveling north on Roosevelt. The Beretta was trying to make a left turn onto westbound Airline Highway from Roosevelt. The Beretta stopped momentarily, and then entered the intersection at the last moment. Mr. Mores was certain that the taxi had the green light as it entered the intersection and at the time of the collision with the Beretta.
After the accident occurred, Mr. Mores stopped his car to check on the condition of the taxi cab driver. Then he ran across Airline Highway and called for help on a pay phone. Shortly afterward, a police officer arrived on the scene and Mr. Mores made a statement. He also gave his name and address to the taxi driver before leaving.
*877 Mr. Taylor testified that he is Mr. Straughter’s first cousin and, at the time of the accident the two were roommates. He stated that on the day of the accident, Mr. Straughter was driving on Roosevelt Drive. He was going to turn left on Airline Highway to drop Mr. Taylor off at a rent-a-car office. Mr. Taylor gave an account of the accident by saying that, “a lady had told us we can turn, and by the time we got ready to turn, the cab just came out of nowhere.” When questioned about the color of the traffic signal, he testified that the light was green as they approached the intersection. He further stated, “I don’t know if it was green or yellow at the time (of the impact) but I know it was green when we entered the intersection. But it | (¡probably turned yellow by the time he hit us. I don’t know if that’s for sure”.
Thomas Harold, a friend of the Straughters and Mr. Taylor, testified that he was traveling eastbound on Airline Highway when he came upon the accident. He saw Mr. Straughter and Mr. Taylor on the side of the road. Mr. Taylor was sitting on the curb and Mr. Straughter was “standing up holding his head”.
It is clear from his testimony that Mr. Harold did not witness the accident happen. His testimony is that he drove up just as a Kenner police officer did. Mr. Harold further testified that he did not see any other vehicle in the area.
Stanley Straughter testified that he was heading northbound on Roosevelt and intended to make a left turn on Airline. He contends he had the green light as he entered the intersection, and was struck by a cab traveling eastbound on Airline Highway which disregarded a red light. He and Mr. Taylor got out of the car to assess the damage. Shortly afterward a Kenner Police Officer came on the scene. Mr. Harold arrived at the same time. Mr. Straughter denied seeing Mr. Mores at the scene.
Mr. Straughter testified that he. went to the hospital later that day suffering with pains in his lower back. His pain continued from the date of the accident, October 13,1996, until March, 1997.
There is no testimony as to the extent of the pain or any restraint of activity caused by the pain. The only comment Mr. Straughter made was that he was “stove up”. However there is documentary evidence which includes a report and statement from Dr. Stewart Altman which shows that|7Mr. Straughter was diagnosed with both a cervical and a lumbosacral strain. He was treated by Dr. Altman from October 17, 1996 through March 19, 1997. The total bill for the therapy was $1,120.00. Also included in the record is a statement from Delta Radiology for $43.00, a bill from East Jefferson Hospital for $301.00, a bill from Eckerd Pharmacy for $15.41, and check stubs from Mr. Straughter’s employer showing two days lost wages.
Shirley Straughter testified that ■ she owned the car her son, Stanley, was driving. She stated that the damage to her automobile amounted to $3,568.29. She presented documentary evidence to support this claim in conjunction with her testimony.
At the conclusion of trial, the trial court found for the plaintiff and awarded damages to Mr. Straughter in the total amount of $10,528.10. That award included, $1,479.41 in actual medical expenses, $48.69 in lost wages, and $9,000.00 for pain and suffering. The amount was reduced to $10,000.00, the jurisdictional limit of the court. The court further made an award to Mrs. Straughter in the total amount of $3,568.29. That award consisted of $854.00 for towing, and $2,714.29 for repairs.
In brief to this court, Mr. Ellebnawi argues the trial court erred in finding him 100% liable for the accident. In the alternative, he argues the trial court awarded excessive damages.
*878 LIABILITY
In making the finding of liability, the trial court made the following statement on the record:
.. .There’s (sic) two issues for the Court to address. The first one was whether plaintiff proved the accident more likely than not | Swas caused by the negligence of Zead Ellebnawi, and I believe that they have.
I found the testimony to be credible from the plaintiffs, and I find the accident was caused by the negligence of Zead Ellebnawi. The second issue to decide was whether plaintiff, Stanley Straughter, suffered any bodily injury as a result of the accident, whether plaintiff proved that, and I think that they have.
It definitely seems like without a doubt that the impact was more than just minimal as what we usually see here...
Recently, in Oldstein v. State Farm Mut. Auto. Ins. Co., 99-515 (La.App. 5 Cir. 10/26/99), 746 So.2d 171, this court summarized the standard of review on factual questions. In that case we stated:
On appellate review of a factual determination, the reviewing court may not set aside the jury’s findings of fact in the absence of manifest error or unless they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). Thus, where two permissible views of the evidence exist, the factfin-der’s choice between them cannot be manifestly erroneous or clearly wrong.
In the instant case, Mr. Ellebnawi argues that the trial court erred in failing to consider the testimony of an independent eyewitness to the accident. The argument refers to the deposition of Mr. Mores. From the record it appears that the trial court considered all of the evidence, both testimonial and documentary in rendering the decision. The trial court asked questions of the witnesses to be certain their testimony was that they 19did not see Mr. Mores’ vehicle at the scene. Further, although Mr. Mores testified that he gave a statement to the police officer who investigated the accident, that report is not in the record. Thus, his testimony could not be verified by the trial court. Given the evidence presented in the matter before us, we cannot find manifest error in the trial court’s finding of fact.
DAMAGES
In the alternative, Mr. Ellebnawi argues the award of $9,000.00 for pain and suffering is an abuse of the trial court’s discretion. The standard for reviewing the award of damages is that of abuse of discretion. Reck v. Stevens, 373 So.2d 498, 501 (La.1979), Hooker v. Super Products Corp., 98-1107 (La.App. 5 Cir. 6/30/99), 751 So.2d 889. We must consider whether, after an articulated analysis of the facts, we find that the trial judge abused her great discretion. Bostwick v. M.A.P.P. Industries, Inc., 97-791 (La.App. 5 Cir. 12/30/97), 707 So.2d 441, 448. In reviewing the issue of whether the trier of fact abused its discretion in making an excessive award, the appellate court must determine whether the award can be supported under the interpretation of the evidence most favorable to the plaintiff which reasonably could have been made by the fact finder. Smith v. Midland Risk Ins. Co., 29,793 (La.App. 2 Cir. 9/24/97), 699 So.2d 1192, 1195. We are reminded that the discretion of the trial court in damage awards is “great”, even “vast” and should *879 rarely be overturned by the appellate court. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Creppel v. American Tugs, Inc., 95-696 (La.App. 5 Cir. 1/17/96) 668 So.2d 374, writ denied, 96-0643 (La.4/26/96), 672 So.2d 674.
ImWe have reviewed the record in accordance with the above standard and have found no abuse of the trial court’s vast discretion. Accordingly, we affirm the trial court.
AFFIRMED.
EDWARDS, J., dissents.

. It appears from the record that Omega is the actual insurance company and Big Easy is the agency who secured the policy, although that fact is not established by any pleading.

. As to Mr. Taylor's claim, it is alleged that his claim against the Straughters was settled prior to trial. However, that is not substantiated by the record before us.