STATE OF LOUISIANA

(NOT FOR PUBLICATION)

COURT OF APPEAL, THIRD CIRCUIT

12-684

KIMBERLY A. MYRICK

VERSUS

JEREMY M. JONES, JR. AND
STATE FARM INSURANCE COMPANY

**********
APPEAL FROM THE
SULPHUR CITY COURT
PARISH OF CALCASIEU, DOCKET NO. 40,956-11
HONORABLE CHARLES SCHRUMPF, CITY COURT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Judges Sylvia R. Cooks, Oswald A. Decuir, and Shannon J. Gremillion.

AFFIRMED.

John E. Ortego & Associates
Timothy A. Maragos
Caffery Plaza, Suite 100
4023 Ambassador Caffery Parkway
Lafayette, LA  70503
(337) 988-7240
**ATTORNEY FOR DEFENDANTS/APPELLANTS**
Jeremy M. Jones, Jr. and State Farm Ins. Co.

Van C. Seneca, L.L.C.
P.O. Drawer 3747
Lake Charles, LA  70602
(337) 439-1233
**ATTORNEY FOR PLAINTIFF/APPELLEE**
Kimberly Myrick

**Cooks, Judge.**

## FACTS AND PROCEDURAL HISTORY

On February 4, 2011, Kimberly Myrick (Plaintiff) and Jeremy Jones, Jr. (Defendant) were driving in opposite directions on Poinciana Lane in Westlake, Louisiana when their vehicles collided. This street is a narrow, dead-end *cul de sac* with a posted speed limit of twenty-five miles per hour. There is no marked center line. Both parties were driving full-size pickup trucks. Plaintiff was stopped in her lane of travel with her left turn indicator on, about to make a left-hand turn into a private driveway. When she first looked up the street to her right, she did not see any on-coming vehicle. However, when she looked again to her right as she began to make her left turn she observed Defendant's vehicle coming toward her in her lane of travel at a rate of speed well in excess of the posted speed limit. As Defendant was proceeding down the street toward Plaintiff, he entered Plaintiff's lane of travel to go around vehicles parked on the roadway then attempted to swerve back into his lane of travel. With both vehicles in the center of the street, travelling in opposing directions, Defendant's left front headlight struck Plaintiff's vehicle on the left front headlight. Defendant skidded approximately forty-five feet before the impact, and skidded approximately sixteen more feet after the impact, coming to a stop with his right front tire in the ditch and his left tire on the roadway. Plaintiff sustained injuries to her neck, shoulder and back.

Following a bench trial in Sulphur City Court, the trial court awarded Plaintiff $6,000.00 general damages for pain and suffering, and special damages in the amount of $6,739.18 for medical expenses incurred as a result of her injuries. The trial court found Plaintiff 60 percent at fault and reduced the award accordingly.

The trial court granted Plaintiff's motion for new trial and at the close of the hearing amended its judgment increasing Defendant's fault to 70 percent and decreasing Plaintiff's fault to 30 percent. Additionally, the trial court amended its award for general damages increasing the award to Plaintiff from $6,000.00 to $18,000.00. Defendant appeals alleging two assignments of error asserting the trial court erred in awarding medical expenses and general damages to Plaintiff, and erred by assigning Defendant 70 percent fault in causing the accident.

LEGAL ANALYSIS

The trial court's decision in this case turns wholly on the credibility of the witnesses who testified and the findings based on the medical records placed in evidence. Neither side called any expert witness concerning the accident or concerning the injuries suffered by Plaintiff. We cannot set aside the trial court's findings of fact unless we find they are manifestly erroneous or are clearly wrong. *See Stobart v. State Through DOTD*, 617 So.2d 880 (La.1993).

> Factual determinations in civil cases are reviewed under the manifest error-clearly wrong standard of review. *Rando v. Anco Insulations, Inc.*, 08-1163, 08-1169 (La.5/22/09), 16 So.3d 1065. This standard 'precludes the setting aside of the [trial] court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety.' *Id*. at 1087.
>
> Review of credibility determinations under the manifest error standard requires that where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Hebert v. Rapides Parish Police Jury*, 06-2001, 06-2164 (La.4/11/07), 974 So.2d 635. Unless documents or objective evidence so contradict the witness's story or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness's story, a fact finder's determination that is based on a credibility determination can virtually never be manifestly erroneous or clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La. 1989).

*Hannie v. Guidry*, 10-216, pp. 9-10 (La.App. 3 Cir. 10/6/10), 48 So. 3d 396, 403.

A review of the record demonstrates much support for the factual

2

conclusions reached by the trial court in determining fault, negligence, causation, and the amount of damages awarded. Plaintiff and her passenger testified consistent with the investigating officer's testimony concerning how the accident occurred. Defendant admitted he swerved out of his lane to pass around parked cars as he was approaching Plaintiff's vehicle in the roadway. The evidence of 61 feet of skid marks supports the trial court's finding that Defendant was travelling well in excess of the posted 25 mile-per-hour speed limit and that such improper action was a significant cause of the accident. Likewise, Plaintiff's testimony, as well as her passenger's, provides more than a reasonable basis for the trial court's assignment of a percent of fault to her. From her stopped position in the roadway, Plaintiff proceeded to make a left turn after briefly observing the oncoming vehicle driven by Defendant and admits she observed it was travelling at a high rate of speed in excess of the posted 25 mile per hour speed limit. We find no manifest error in the trial court's application of the appropriate statutes important to the decision in the matter.

First, La.R.S. 32:75 provides:

> No vehicle shall be driven to the left of the center of the highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event, the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.

Plaintiff's testimony, along with her passenger's testimony, and Defendant's own admissions, demonstrate the reasonableness of the trial court's finding that Defendant entered Plaintiff's lane of travel to pass one or more parked vehicles and was unable to safely return to his lane of travel within the requisite number of feet

away from Plaintiff's oncoming vehicle thereby contributing in large measure to the collision with Plaintiff's vehicle. Additionally, La.R.S. 32:64 provides:

> A. No person shall drive a vehicle on the highway within this state at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for the traffic on, and the surface width of, the highway, and the condition of the weather, and in no event at a speed in excess of the maximum speeds established by this Chapter of regulation of the department made pursuant thereto.

Clearly the record supports the trial court's finding Defendant was travelling well in excess of the posted speed limit, and was travelling at a rate of speed which was not reasonable on this narrow, dead-end *cul de sac* in a residential neighborhood, swerving past parked cars and into the lane of Plaintiff's truck about to make a left-hand turn into a driveway.

Likewise the record contains further evidence which supports the trial court's attributing a greater percent of fault to Defendant. La.R.S. 32:58 provides:

> Any person operating a motor vehicle on the public roads of this state shall drive in a careful and prudent manner, so as not to endanger the life, limb, or property of any person. Failure to drive in such a manner shall constitute careless operation.

Based on the testimony and physical evidence introduced at trial, the trial court could reasonably conclude Defendant was not operating his vehicle in a "careful and prudent manner" but in fact, carelessly operated his vehicle in a manner which resulted in injury to Plaintiff and damage to her property. Similarly, the record supports the trial court's assessing a percent of fault to Plaintiff, the left-turning motorist. La.R.S. 32:104 provides in pertinent part:

> No person shall … turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.

It is true that under our settled jurisprudence in a case involving a left-

4

turning driver the other driver may rely on a presumption of the left-turning driver's negligence if he proves that the left-turning driver executed a left-hand turn and crossed the center-line resulting in a collision. *See Thomas v. Champion Ins. Co.*, 603 So.2d 765 (La.App. 3 Cir. 1992). The motorist making the left turn bears a heavy burden to prove how the accident occurred and to prove that it was not the result of her negligence. *Miller v. Leonard*, 558 So.2d 79 (La.1991). In reviewing this record, we cannot say the trial court manifestly erred in concluding Plaintiff succeeded in showing that the accident occurred largely due to the fault of Defendant for the reasons mentioned above. In addition to those reasons, we note the trial court concluded Plaintiff was still in her lane of travel when the accident occurred and had not yet crossed into the opposing lane of travel on this unmarked roadway. The skid marks provided evidence upon which the trial court could reasonably find that the impact occurred just inside Plaintiff's lane but that Plaintiff might have been able to avoid the collision had she not let her foot off the brake when she realized upon a second glance down the street that Defendant was proceeding her way quickly and that she would not have time to proceed with her left turn. The record supports the reasonableness of the trial court's assignment of fault and we find no manifest error in his ruling.

The award of general and special damages to Plaintiff also turns upon credibility determinations of the trial court. Plaintiff and her daughter's testimony provided more than sufficient basis to support the reasonableness of the trial court's award of damages. Their testimony was supported by the medical records introduced which gave further indication that Plaintiff had indeed suffered injuries in this accident. Plaintiff's evidence concerning her injuries and medical costs was un-contradicted by Defendant. It is of no moment that Plaintiff admits she had a pre-existing condition or that she was receiving social security disability benefits

5

due to a previous back surgery prior to the accident. She, and her daughter who resides with her, testified that Plaintiff was not having any neck or shoulder problems prior to the accident and that the accident affected a different part of her back from the previously affected L-4 and L-5 areas. Defendant offered no evidence to contradict that testimony. The trial court weighed the evidence presented, including Plaintiff and her daughter's un-contradicted testimony concerning her injuries which she maintained were caused by this accident and reasonably concluded Plaintiff suffered injuries in this accident and incurred medical costs concerning those injuries, all as evidenced by the documents entered into evidence and un-contradicted testimony. We note that the trial court specifically mentioned in the new trial that he had missed certain medical evidence when he first rendered judgment, and, having seen such evidence in the new trial, resolved his prior misgiving about a certain portion of Plaintiff's testimony. He noted upon discovering notations made on the back page of a medical document that Plaintiff had in fact been truthful in her testimony which he previously doubted without this corroborating evidence.

Our courts have consistently held "causation is a factual finding that should not be reversed on appeal absent manifest error." *Detraz v, Lee*, 05-1263, p.7 (La.1/1/07), 950 So.2d 557, 561. Plaintiff was entitled to the legal presumption set forth in *Housley v. Cerise*, 579 So.2d 973 (La.1991). Plaintiff's un-contradicted testimony and evidence provided a sufficient basis for the trial court to conclude that the injuries suffered in this accident were not the same as that for which Plaintiff had been previously operated on. Before this accident Plaintiff did not have pain in her neck and shoulders and enjoyed more physical activity than after the accident. Medical records such as those introduced by Plaintiff herein are sufficient to demonstrate the reasonable possibility of causation between Plaintiff's

6

claimed injury and the accident at issue. *See Arceneaux v. Howard*, 633 So.2d 207 (La.App. 3 Cir. 1993). Additionally, Plaintiff may also demonstrate a reasonable possibility of causation between the accident and her injury by circumstantial evidence and/or common knowledge. *Poland v. State Farm Mututal Automobile Insurance Company*, 03-1417 (La.App. 1 Cir. 6/25/03), 885 So.2d 1144. Plaintiff and her daughter offered un-contradicted testimony concerning Plaintiff's pain after the accident and Plaintiff introduced un-contradicted medical records of treatment for pain after the accident. No evidence was introduced which would call into question the Plaintiff's testimony or that of her daughter or raise any question about the reasonableness of the trial court's findings.

As for Defendant's assertion that the trial court erred in awarding $18,000.00 in general damages, we note that Defendant does not assert this amount is excessive but only asserts that Plaintiff was not entitled to any amount of general or special damages because she failed to prove causation. Thus Defendant does not raise the issue of an excessive damage award and we are therefore not compelled to pass judgment on the propriety of the amount awarded. Suffice it to say however, there is no argument put forth by Defendant as to why the amount is excessive and we can find no basis to upset an award left to the vast discretion of the trier of fact.

> The trier of fact is accorded much discretion in fixing general damage awards. La.C.C. art. 2324.1; *Cheramie v. Horst*, 93-1168, p. 6 (La. App. 1st Cir. 5/20/94), 637 So.2d 720, 723. The discretion vested in the trier of fact is great, even vast, so that an appellate court should rarely disturb an award of general damages. *Youn v. Maritime Overeeas Corp.*, 623 So.2d 1257, 1261 (La. 1993), cert. denied, 510 U.S. 1114, 114 S. Ct. 1059, 127 L.Ed. 2d 379 (1994).

> The role of an appellate court in reviewing a general damage award is not to decide what it considers to be an appropriate award, but rather, to review the exercise of discretion by the trier of fact. *Bouquest v. Wal-Mart Stores, Inc.*, 080309, p. 5 (La. 4/4/08), 979 So.2d 456, 459. It is only when the award is, in either direction,

7

beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or decrease the award. *Youn*, 623 So.2d at 1261.

*Dudenhefer v. Allsate Insurance Company, et al.*, 10-1662 (La. App. 1 Cir. 3/25/11) (not designated for publication.)

For the reasons as set forth above, we affirm the trial court's judgment and assess all costs of this appeal against Defendants.

**AFFIRMED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION**.