349 So.2d 362 (1977)
Frances CURTIS
v.
Alice Meyer KATZ.
No. 8192.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1977.
Rehearing Denied September 9, 1977.
Writ Refused November 4, 1977.
McGlinchey, Stafford, Mintz & Hoffman, William F. Bologna, New Orleans, for plaintiff-appellee.
Robert A. Katz, New Orleans, for defendant-appellant.
Before REDMANN, STOULIG and MORIAL, JJ.
*363 STOULIG, Judge.
Alice Meyer Katz, a lessor, has appealed a judgment requiring her to return a $125 security deposit posted by her tenant Frances Curtis, plaintiff, and condemning defendant to pay $200 in damages plus $200 in attorney fees for willfully withholding the deposit without cause. We affirm.
The record reveals that plaintiff leased a one room efficiency apartment from defendant at 2010 Octavia Street in the City of New Orleans by written lease from May 15, 1975 through January 15, 1976. At its inception, the tenant posted a $125 deposit against damages refundable at the termination of the lease "* * * provided that * * * 2. * * * premises are in the same clean condition as when lessee moved in." When the primary term expired the lease was verbally reconducted on a month-to-month basis. On February 15, 1976, plaintiff, in compliance with the written lease, gave defendant written notice of her intent to vacate on March 15 and paid the rent in advance through that date.
On March 2, 1976, plaintiff began moving her possessions to her new apartment; however, she retained her key to Mrs. Katz' property because she planned to complete her move gradually as time permitted. Miss Curtis explained she had two jobs and her time was limited.
When Mrs. Katz first learned her tenant planned to vacate, she reminded plaintiff of her obligation to have the apartment cleaned or bear the expense, and plaintiff advised the lessor she planned to clean it herself. Although the lease period had not expired, Mrs. Katz kept pressing to have plaintiff clean the apartment and plaintiff repeatedly assured her that it would be cleaned before she finally vacated it.
On March 9, 1976, one week before the lease expired, Mrs. Katz hired professional cleaners allegedly to clean plaintiff's apartment which the landlady described as being in "deplorable" condition; but Mrs. Katz engaged them to do a much more thorough cleaning of the apartment than she had done prior to Miss Curtis' occupancy. Included in this job was a cleaning of the outside windows, shutters, and airconditioning vents, in addition to cleaning the floors and walls of the apartment. Defendant testified it was customary for the tenant to clean the one room apartment before vacating the premises.
When the cleaners came, Miss Curtis' remaining possessions were removed from the apartment. Mrs. Katz did inform her tenant she would like to bring in the cleaning men, but she failed to mention she expected plaintiff to pay the bill. Nor did Mrs. Katz offer to remit the rent for the premature entry into plaintiff's apartment. When plaintiff surrendered the key on March 14 and requested her deposit, Mrs. Katz informed her the cleaning expense was $150 and her deposit had been applied against this amount.
On March 17, 1976, plaintiff's attorney made a written demand for the return of the deposit. By letter dated April 14, defendant's attorney replied the deposit had been used to clean the apartment. He further asserted the tenant's abandonment of the apartment exempted Mrs. Katz from the provisions of the Lessee's Deposit Act (R.S. 9:3251, et seq.).
Miss Curtis did not abandon the premises. When she began sleeping at her new apartment on March 2, she instructed the utility company to transfer her service there. This does not constitute an abandonment as defendant contends. In Salim v. Louisiana State Board of Education, 289 So.2d 554, 560 (La.App.3d Cir. 1974), the court defined the term:
"* * * `Abandonment' of property or of a right is the voluntary relinquishment thereof by its owner or holder, with the intention of terminating his ownership, possession and control, and without vesting ownership in any other person. Powell v. Cox, supra, [La.App., 92 So.2d 739]; New Orleans Bank & Trust Co. v. City of New Orleans, 176 La. 946, 147 So. 42 (1933). * * *"
Plaintiff's retention of the key to the apartment in which she kept certain possessions during her gradual move evinces an intent *364 to retain possession and control over the premises until the lease expired.
Despite plaintiff's assertion she would clean the apartment herself, defendant brought in professional cleaners one week before plaintiff was required to surrender possession and had a heavy cleaning performed that far exceeded the cleaning required to restore the premises to "* * * the same clean condition as when lessee moved in," as provided by the lease.
Under these circumstances, Mrs. Katz' refusal to return the deposit was not justified. There is some dispute about whether Mrs. Katz furnished a written explanation of her retention of the deposit timely for the purpose of exempting her from damages provided by R.S. 9:3252. Because her position is arbitrary, she is nonetheless liable for damages because the statute provides in part:
"* * * Failure to remit within thirty days after written demand for a refund shall constitute willful failure."
The award of $200 damages is proper.
Plaintiff was awarded $200 attorney fees by the trial court and, in brief, has requested an increase for services rendered in connection with this appeal. We are aware that $200 hardly compensates plaintiff's attorney for the preparation, trial and appeal of this case. Even though the initial amount sought for the tenant is relatively small, we think the attorney presenting the claim should be fully compensated for his time. Prior to the passage of this act, lessors could retain security deposits almost with immunity because the small amount involved made legal action unfeasible. The purpose of this act was to give the tenant a remedy against this arbitrariness by providing for attorney fees where the lessor wrongfully retained the deposit. If we limit our fee awards to token amounts, we defeat the purpose for which this act was passed. In response to the request for an increase, the answer is: We would if we could. Because plaintiff failed to appeal or answer the appeal, we cannot amend the judgment in her favor. As to that litigant, the judgment of the trial court is final.
For the reasons assigned, the judgment is affirmed.
AFFIRMED.

ON APPLICATION FOR REHEARING
Before REDMANN, STOULIG and MORIAL, JJ.
PER CURIAM.
It is ordered that the judgment be amended to award appellant-reconvenor $3.83 which she paid for the water bill for the leased premises. In all other respects the judgment is affirmed.
REHEARING REFUSED.