JjKNOLL, Judge.
This is a residential lease ease in which the sole issue is whether the trial court abused its discretion in awarding only $250 attorney’s fees in an action Elizabeth Miller, the lessee, successfully brought against Ramon and Sheila Ecung, the lessors, under ' La.R.S. 9:3251-3254. to recover her security deposit. In addition to the attorney’s fee, the trial court ordered the Ecungs to return Miller’s $600 security deposit and further granted Miller penalties of $200.[1] We amend to increase the attorney’s fee.
12F ACTS
Miller entered into a written residential lease agreement with the Ecungs on July 22, 1994, for the rental of a house at 709 Drew Street in Lake Charles. The lease was for a one year term, commencing on August 1, 1994, and terminating on July 31, 1995. Rent was set at $600 per month and was payable on the first day of each month. Contemporaneous with the execution of the written lease, Miller paid the Ecungs a $600 security deposit.
*658 On July 10,1995, the Ecungs sent Miller a notice to vacate the house, alleging non-payment of $650 rent from November 1994 to February 1995. Pursuant to the notice, Miller vacated the house on July 14,1995.
Miller sent a letter to the Ecungs on July 17, 1995, requesting her $600 security deposit. When payment was not forthcoming, an additional letter was sent on August 14, 1995. The Ecungs responded by letter on August 16, 1995, refusing to return the security deposit. This lawsuit followed.
ATTORNEY’S FEES
Miller contends that the trial court abused its discretion in fading to award attorney’s fees in an amount sufficient to fully compensate for her attorney’s time and effort in securing judgment. Miller argues that we should increase the award to approximately $3,500.
La.R.S. 9:3252 provides in pertinent part:
A. The willful failure to comply with R.S. 3251 shall give the tenant or lessee the right to recover actual damages or two hundred dollars, whichever is greater, from the landlord or lessor, or from the lessor’s successor in interest. Failure to remit within thirty days after written demand for a refund shall constitute willful failure.
Since the trial court awarded $200 damages to Miller, we find that it was the determination of the trial court that the Ecungs willfully failed to comply with the |3statutes that required the return of the security deposit. Having found that the Ecungs acted willfully, the trial court next properly considered Miller’s request that the Ecungs be cast with attorney’s fees.
La.R.S. 9:3253 further provides:
In an action brought under R.S. 9:3252, the court may in its discretion award costs and attorney’s fees to the prevailing party.
Generally speaking, the fundamental measure of attorney’s fees is reasonableness. Mayeur v. Campbell, 94-2263 (La.App. 1 Cir. 12/12/95); 666 So.2d 366. The amount awarded in attorney’s fees is left to the sound discretion of the trial judge and should not be disturbed on appeal absent a showing of abuse of discretion. Metropolitan Reporters, Inc. v. Avery, 95-504 (La.App. 5 Cir. 11/28/95); 665 So.2d 547. The factors to be considered by the trial court in making an award of attorney’s fees are: “ultimate result obtained; responsibility incurred; importance of the litigation; amount involved; extent and character of labor performed; legal knowledge; attainment and skill of the attorney; number of appearances made; intricacies of facts and law involved; diligence and skill of counsel; court’s own knowledge; and ability of party liable to pay.” S. Jackson & Son, Inc. v. Aljoma Lumber, Inc., 93-2531 (La.App. 4 Cir. 5/26/94); 637 So.2d 1311, 1313.
With respect to the particular litigation involved herein, namely the return of a security deposit, we find that in Curtis v. Katz, 349 So.2d 362 (La.App. 4 Cir.), writ denied, 351 So.2d 179 (La.1977), the Fourth Circuit placed the award of attorney’s fees into perspective. In Curtis, the Court stated:
[W]e think the attorney presenting the claim should be fully compensated for his time. Prior to the passage of this act, lessors could retain security deposits almost with immunity because the small amount involved made legal action unfeasible. The purpose of this act was to give the tenant a remedy against the arbitrariness by providing for attorney fees where the lessor wrongfully retained the deposit. If we | ¿limit our fee awards to token amounts, we defeat the purpose for which this act was passed.
Curtis, 349 So.2d at 364.
In light of this jurisprudence, we find that the trial court abused its discretion in awarding Miller attorney’s fees of only $250. Beyond the short time spent in the courtroom, the record shows well drafted pleadings, pretrial and post-trial memoranda, as well as pre-suit correspondence seeking to compromise the differences among the parties without the necessity of a lawsuit. Based upon these factors, we find that the record supports $1,000 as a reasonable fee for the trial of this matter. In raising the trial court’s *659 award to less than that requested in brief, we recognize trial counsel’s legal ability and further make note that the $80 per hour fee charged by counsel is reasonable; however, we find that the issues presented were not complicated and the ultimate amount recovered does not justify a greater award. Accordingly, we amend the trial court judgment to reflect the increased award.
For the foregoing reasons, the judgment of the trial court is amended to increase the attorney’s fee award from $250 to $1,000, together with legal interest from date of judicial demand, until paid. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are assessed to Ramon and Sheila Ecung.
AFFIRMED AS AMENDED, AND RENDERED.

. The Ecungs filed an answer to the appeal, urging us to reverse the trial court decision in its entirety. Because of the limited issue raised by Miller concerning the attorney’s fee award, she designated the record, specifically excluding the trial testimony from the appellate record. The Ecungs failed to supplement the record in light of their appellate answer. Therefore, we find that we have nothing to review and are unable to reach the issues raised in the Ecungs’ answer.