# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-609


JUDE K. MENARD

VERSUS

DR. JOHN STROY, ET AL.


\**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-0649-I
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\**********

## JOHN D. SAUNDERS
## JUDGE

\**********

Court composed of John D. Saunders, Billy H. Ezell, and D. Kent Savoie, Judges.


**AFFIRMED.**

**Kenneth W. DeJean**
**Adam R. Credeur**
**Law Offices of Kenneth W. DeJean**
**P. O. Box 4325**
**Lafayette, LA 70502**
**(337) 235-5294**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Jude K. Menard**

**Brent E. Kinchen**
**Kinchen, Walker, Bienvenu, Bargas, Reed & Helm, L.L.C.**
**9456 Jefferson Highway**
**Building III, Suite F**
**Baton Rouge, LA 70809**
**(225) 292-6704**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Shelter Mutual Insurance Company**

**Thomas Robert Shelton**
**Shelton Law Firm**
**P. O. Drawer 52548**
**Lafayette, LA 70505**
**(337) 237-3000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Dr. John Stroy**

**SAUNDERS, J.**

This personal injury suit arises out of an incident where Plaintiff's wrist was injured by Defendant when Defendant grabbed a sheet of paper from Plaintiff's hand. Plaintiff was subsequently diagnosed with De Quervain's tendinitis, received treatment, and still suffers from pain. Plaintiff was awarded $3,000.00 in general damages and $3,048.00 in special damages. Plaintiff was denied reimbursement for a 2004 medical bill in the sum of $220.00. Plaintiff appeals the amount of general damages as well as the denial of the 2004 medical bill.

**FACTS AND PROCEDURAL HISTORY:**

Jude K. Menard, hereinafter "Plaintiff," was employed by Lafayette Motors as a service advisor on the day of the incident on August 29, 2003. Dr. John Stroy, hereinafter "Defendant," arrived at Lafayette Motors the morning of August 29, 2003, and asked Plaintiff for a copy of a repair estimate that had been previously prepared for Defendant's wife's vehicle. This estimate was previously rejected by Defendant's wife.

Plaintiff went to make a copy of the estimate. While he was making a copy, Buddy Delahoussaye, the service and shop manager was speaking to Defendant. Mr. Delahoussaye instructed Plaintiff not to give the copy of the estimate to Defendant. Plaintiff crumpled the estimate to throw it in the trash. Defendant then grabbed the estimate out of Plaintiff's hand and twisted his right wrist in the process. Defendant left the premises with the copy of the estimate.

Plaintiff suffered injuries to his wrist and arm, and he was later diagnosed with De Quervain's tendinitis by an orthopedic surgeon. An expert witness obtained by Defendant also confirmed this diagnosis. On April 10, 2012, several years after the incident, Plaintiff testified that he still suffered pain in his wrist.

On February 10, 2004, Plaintiff filed an Original Petition for Damages against Defendant alleging that the actions of Defendant were the proximate cause of his injuries, as well as the medical bills incurred in light of the injury. Defendant filed an Answer and a Reconventional Demand on February 26, 2004, which contained allegations that Plaintiff had made defamatory and slanderous public statements against Defendant that caused Defendant to suffer embarrassment, humiliation, and mental anguish. On or about March 23, 2006, Plaintiff filed a Motion to Strike and/or Dismiss the Reconventional Demand, which was granted on February 21, 2008, by virtue of a judgment. Plaintiff then filed a First Supplemental and Amending Petition naming Shelter Mutual Insurance Company, Defendant's homeowner's insurer, as an additional defendant in the suit. Shelter Mutual Insurance Company filed an Answer to this petition pleading that, despite issuing a homeowner's insurance to Defendant, this policy did not provide coverage for the incident that occurred between Plaintiff and Defendant. Shelter Mutual Insurance Company filed a Motion for Summary Judgment on October 1, 2012, which was denied.

A bench trial was held on November 24, 2014. The trial court found in favor of Plaintiff, on the issue of liability against the Defendants, and the court awarded Plaintiff general damages in the amount of $3,000.00. The trial court denied the application of the intentional acts exclusion raised by Shelter Mutual Insurance Company. The trial court also awarded Plaintiff special damages for the medical expenses from August 2003 to November 2003 in the amount of $3,048.00. The trial court denied reimbursement for the March 2004 medical bill in the sum of $220.00.

The Reasons for Ruling were signed on January 20, 2015, and a final judgment was entered on April 12, 2016.

2

**ASSIGNMENTS OF ERROR:**

1. The trial court abused its discretion by awarding $3,000.00 in general damages to Plaintiff, as this is an inadequate award given the evidence and facts.
2. The trial court's determination that Plaintiff's medical treatment on March 9, 2004 did not relate back to the incident and the court's denial of medical expenses associated with this treatment was an abuse of discretion and/or manifestly erroneous as it is contrary to the evidence and facts.

**STANDARD OF REVIEW:**

Vast discretion is accorded the trier of fact in fixing general damage awards. La.Civ.Code art. 2324.1; *Hollenbeck v. Oceaneering Int., Inc.*, 96-0377, p. 13 (La.App. 1 Cir. 11/8/96); 685 So.2d 163, *writ denied*, 97-493 (La. 4/4/97),692 So.2d 421. This vast discretion is such that an appellate court should rarely disturb an award of general damages. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059. Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. *Id.*

"Factual findings of a trial court are reviewed under the manifest error-clearly wrong standard of review." *Thibodeaux v. Comeaux*, 11-27, p. 5 (La.App. 3 Cir. 6/15/11), 69 So.3d 674, 679 (citing *Fontenot v. Patterson Ins.*, 09-669 (La. 10/20/09), 23 So.3d 259). An appellate court may not disturb a finding of fact unless the record establishes that a factual, reasonable basis does not exist and the finding is clearly wrong or manifestly erroneous. *Id.*

**DISCUSSION OF THE MERITS:**

In his first assignment of error, Plaintiff contends the trial court abused its discretion by awarding $3,000.00 in general damages to Plaintiff.

3

"Vast discretion is accorded the trier of fact in fixing general damage awards." *Stelly v. Zurich American Ins. Co.*, 11-1144, p.3 (La.App. 3 Cir. 2/1/12); 83 So.3d 1225, 1228 (citations omitted).

> Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or decrease the award.
> *Id.* at 1228 (quoting *Youn*, 623 So.2d at 1261).

"The initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages. *Cone v. National Emergency Serv. Inc.*, 99-0934 (La.10/29/99), 747 So.2d 1085, 1089; *Reck v. Stevens*, 373 So.2d 498 (La.1979)." *Id.* (quoting *Duncan v. Kansas City S. Ry. Co.*, 00-66 (La. 10/30/00), 773 So.2d 670, 682–83).

Plaintiff testified that Defendant grabbed his shoulder, spun him around, and grabbed his wrist and hand with both of his hands and twisted Plaintiff's wrist until he let go of the car repair estimate. Several witnesses were called, and their versions differed; one witness claimed Defendant grabbed Plaintiff's hand causing him to turn, and another testified that Defendant tried to grab the estimate from behind Plaintiff. Defendant himself testified that he was just standing close to Plaintiff and did not have any physical contact with him.

Plaintiff testified that he began to feel sharp pains in his wrist the day of the incident. Two days after the incident, Plaintiff went to the emergency room for the pain and was referred to an orthopedist. He had three visits with the orthopedist over the course of seven months, and Plaintiff was told after the third visit he should return on an as-needed basis and was released to full-duty status. Plaintiff did not appear for his next two scheduled visits with the orthopedist and did not seek any further treatment.

Plaintiff testified that he experienced daily wrist pain for the first six months following the incident and then the pain would "come and go." Plaintiff sporadically used several prescriptions, often waiting several days, weeks, and months to refill them. Ultimately, the trial court did not find that Plaintiff suffered significant injuries. We agree.

After considering the nature and extent of Plaintiff's injuries along with the treatment plan and its duration, we cannot say the trial court erred in its general damage award of $3,000.00. A reasonable trier of fact could have ascertained this amount based on the facts before it and especially in light of the vast discretion afforded the trier of fact. The trial court found that the suit before us rested on the issues of credibility and its belief that Plaintiff did not suffer significant injuries to afford him a higher general damages award.

In his second assignment of error, Plaintiff contends the trial court's determination that Plaintiff's medical treatment on March 9, 2004, did not relate back to the incident, and the court's denial of medical expenses totaling $220.00 associated with this treatment was an abuse of discretion and/or manifestly erroneous as it is contrary to the evidence and facts.

Plaintiff argues that the November 11, 2003 doctor's visit and the March 9, 2004 doctor's visit are clearly related to and resulted from the original incident between Plaintiff and Defendant when the wrist injury occurred. While this appears to be plausible considering the timeline and medical treatment sought, the trial court found that "the lapse between these visits is too tenuous to relate back to the paper pulling incident." Considering the vast discretion afforded to the trial court as trier of fact, we cannot say this determination was manifestly erroneous.

**DISPOSITION:**

Plaintiff, Jude K. Menard, raised two assignments of error. For the foregoing reasons, we affirm the trial court's judgment and assess all costs of this appeal to Plaintiff.

**AFFIRMED.**