# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 17-273 consolidated with CA 17-274


**BRENDA PRITCHARD**

**VERSUS**

**GEICO INSURANCE COMPANY, ET AL.**

**Cosolidated With**

**TOBICE PRITCHARD**

**VERSUS**

**GEICO INSURANCE COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 48392 C/W 48393
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED AS AMENDED.**

**Jack F. Owens, Jr.**
**Law Office Of Owen & Lemke**
**P. O. Box 595**
**Harrisonburg, LA 71340**
**(318) 744-5431**
**COUNSEL FOR PLAINTIFFS/ APPELLEES:**
    **Brenda Pritchard**
    **Tobice Pritchard**

**J. Morgan Passman**
**Law Office of J. Morgan Passman**
**201 Johnston Street, Suite 402**
**Alexandria, LA 71301**
**(318) 445-6384**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **GEICO Casualty Company**
    **Bryce Ratcliff**

**SAUNDERS, Judge.**

This matter arises out of an automobile collision with Defendants' minor child, as a result of the minor's failure to yield at an intersection. The trial court found Plaintiffs to be free of fault, and the minor to be 100% at fault. The judgment incorrectly cast him in judgment for damages and court costs, as he was a minor at the time of the accident and not a named defendant in the suit. Plaintiffs' attorney subsequently presented to the trial court an amended judgment and order with regard to the quantum and court costs assessed to the minor with no opposition filed by any party. However, that amended judgment and order never got filed into the record.

Defendants now appeal the trial court's ruling. Their argument is that the trial court erred in rendering judgment against a minor, in its allocation of fault and in its award of general damages.

## FACTS AND PROCEDUREAL HISTORY:

Plaintiffs, Brenda and Tobice Pritchard ("Pritchards"), filed suit against Defendants, Edwin and Carla Ratcliff ("Ratcliffs") and their insurer, GEICO Casualty Company ("GEICO"), for injuries they sustained as a result of an automobile collision that occurred on May 27, 2013, in Natchez, Mississippi. The accident occurred when the Pritchards' vehicle, driven by Tobice Pritchard, in which Brenda Pritchard was a passenger, struck the vehicle being driven by the Defendants' minor child as he attempted to make a left-hand turn across a four-lane intersection in front of the Pritchards' vehicle. Initially, the Pritchards filed separate lawsuits, but the suits were later consolidated.

The Defendants' insurer, GEICO, by stipulation has insurance coverage of $50,000.00 per person, $100,000.00 per accident.

After a bench trial, the trial court awarded general damages in the amount of $26,000.00 to Brenda Pritchard and awarded general damages in the amount of $50,000.00 to Tobice Pritchard against the Defendants' minor child and GEICO.[1]

Defendants timely filed a motion for suspensive appeal. Pursuant to that motion, Defendants are presently before this court alleging two assignments of error.

## ASSIGNMENTS OF ERROR:

1. The trial court committed both legal error in rendering judgment against a minor and manifest error in its assessment of fault.

2. The trial court committed manifest error in its award of general damages.

## ASSIGNMENT OF ERROR NUMBER ONE:

In their first assignment of error, Defendants make two contentions, the first being that the trial court committed legal error in rendering judgment against a minor at the time of the accident. We find merit to this contention.

Under the de novo standard of review, the appellate court assigns no special weight to the trial court and, instead, if possible, when it finds that the trial court made a reversible error of law, then conducts a de novo review and renders judgment on the record. *Roberts v. Hartford Fire Ins. Co.*, 05–1178 (La.App. 3 Cir. 4/5/06), 926 So.2d 121, *writ denied*, 06–1056 (La. 6/23/06), 930 So.2d 984. We find that the trial court made a reversible error of law in rendering judgment against a minor.

In the instant case, the trial court rendered judgment against a minor at the time of the accident, who was not a named defendant in the suit. All parties agreed that the court erroneously included the minor in the judgment, thus, Plaintiffs'

_____

[1] The general damage award to Tobice Pritchard was actually in the amount of $56,000.00, but was limited by stipulation to $50,000.00.

2

attorney subsequently submitted an amended judgment and order to the court. However, that judgment was allegedly lost and was never filed in the record.

Louisiana Civil Code Article 2318 states: "parents are responsible for the damage occasioned by their child as provided by law."

Louisiana Civil Code of Civil Procedure Article 1951 provides:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

In *Villaume v. Villaume*, 363 So.2d 448, 450 (La.1978), the supreme court noted "the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment."

In the instant case, according to the original judgment, the minor was incorrectly cast in judgment for damages and court costs. An amended judgment and order with regard to the quantum and court costs assessed to the minor was subsequently submitted to the court, with no opposition filed by any party. However, the amended judgment and order never got filed into the record. Therefore, we amend the judgment to correct the phraseology that incorrectly cast the minor in judgment, to instead cast Defendants, Edwin and Carla Ratcliff, in judgment. Changing the phraseology of the judgment does not affect the rights of the parties.

In their first assignment of error, Defendants' second contention is that the trial court committed manifest error in its allocation of fault. We disagree.

A fact finder's allocation of fault is subject to the manifestly erroneous or clearly wrong standard of review. *Stobart v. State, through Dep't of Transp. &*

*Dev.*, 617 So.2d 880 (La.1993). The findings of fact made by a jury will not be disturbed unless they are manifestly erroneous or clearly wrong. *Id.* "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been siting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

In *Watson v. State Farm Fire & Cas. Ins. Co.,* 469 So.2d 967 (La.1985), the supreme court addressed the factors to be considered in an appellate review of an allocation of fault. Therein, the supreme court stated:

> [V]arious factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties. *Id.* at 974.

In *Burtner v. Lafayette Parish Consolidated Government*, 14-1180, pp. 6-7, (La.App. 3 Cir. 4/15/15), 176 So.3d 1056, 1062, *writ denied*, 15-938 (La. 6/19/15), 169 So.2d 350, this court stated:

> Prior to articulating the foregoing standard, the supreme court in *Watson* noted that "appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court." *Id.*, 469 So.2d at 972, citing *Arceneaux v. Domingue*, 365 So.2d 1330, 1333 (La.1978). It further held that proper review requires the appellate court to determine whether that finding, even if supported by evidence, was clearly wrong or manifestly erroneous. *Watson,* 469 So.2d at 972. The court explained:

4

> It is not enough to sustain the determination of the district court when "there is some reasonable evidence to support the finding." Rather, the appropriate question is, was that finding clearly wrong or manifestly erroneous.

*Id.*

> Thus, the reviewing court must do more than simply review the record for some evidence that supports or controverts the trial court's finding. The reviewing court must examine the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. *Stobart v. State, Through Dep't of Transp. & Dev.,* 617 So.2d 880 (La.1993).

> . . . . A driver entering a favored highway is under a duty to proceed with extreme caution. *Toston v. Pardon*, 03–1747 (La.4/23/04), 874 So.2d 791. Louisiana law also recognizes that a left turn is a dangerous maneuver and a motorist is under a strict duty to ascertain whether it can be completed safely. *Theriot v. Lasseigne*, 93–2661 (La.07/05/94), 640 So.2d 1305. The left-turning motorist involved in an accident is burdened with a presumption of liability and must show that he was free from fault. *Slagel v. Roberson*, 37,791 (La.App. 2 Cir. 11/18/03), 858 So.2d 1288, *writ denied*, 03–3508 (La.03/12/04), 869 So.2d 824; *Mack v. Wiley*, 07–2344 (La.App. 1 Cir. 05/02/08), 991 So.2d 479, *writ denied*, 08–1181 (La.09/19/08), 992 So.2d 932.

Defendants argue that Plaintiffs should have been allocated some percentage of fault because "but for" the driver, Tobice Pritchard's, failure to maintain a proper lookout, the accident would not have occurred. However, the minor testified that he was aware that he had to yield to oncoming traffic, but that he "thought he could make it." Shantell Barnes, an independent eyewitness, who was traveling directly behind Plaintiffs' vehicle at the time of the accident, testified that the minor's vehicle came across the intersection in a flash, and that "she did not see it until it was in front of Plaintiffs' vehicle." Tobice Pritchard, testified that the first time he saw the minor's vehicle "was when he hit it."

While the trial court did not set forth its reasons for finding the minor 100% at fault in causing the accident, the record and witness testimony reveals that Plaintiffs had the right-of-way as they approached the intersection and that the minor made a left-hand turn in front of Plaintiffs' vehicle. Given the above, we

find the record and witness testimony supports a finding that the minor was unable to overcome this presumption of liability. As such, we find that the trial court was reasonable in allocating 100% fault to the minor, as the record and witness testimony supports finding that the driver, Tobice Pritchard, had the right-of-way as he approached the intersection, that he was traveling at or below the posted speed limit, and that even if he had noticed the minor prior to impact, he was unable to take evasive action by switching lanes because there was another motorist traveling in the left lane next to him.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In their second assignment of error, Defendants contend that the trial court committed manifest error in its award of general damages. We disagree.

In reviewing an award of general damages, the court of appeal must determine whether the trier of fact has abused its much discretion in making the award. *Youn v. Maritime Overseas Cor.,* 623 So.2d 1257 (La.1993), *cert. denied,* 510 U.S. 1114, 114 S.Ct. 1059. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Id.* at 1261. Only after it is determined that there has been an abuse of discretion is a resort to prior awards appropriate, and then only to determine the highest or lowest point of an award within that discretion. *Coco v. Winston Indus., Inc.,* 341 So.2d 332 (La. 1976).

Pursuant to La.Code Civ.P. art. 2315, "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

In *Menard v. Story*, 16-609, pp.3-4 (La.App. 3 Cir. 12/21/16), 210 So.3d 302, 304-5, this court noted:

Vast discretion is accorded the trier of fact in fixing general damage awards. La.Civ.Code art. 2324.1; *Hollenbeck v. Oceaneering Int., Inc.*, 96–0377, p. 13 (La.App. 1 Cir. 11/8/96), 685 So.2d 163, *writ denied*, 97–493 (La. 4/4/97), 692 So.2d 421. This vast discretion is such that an appellate court should rarely disturb an award of general damages. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. *Id.*

. . . .

 "The initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages." *Cone v. National Emergency Serv. Inc.*, 99–0934 (La. 10/29/99), 747 So.2d 1085, 1089; *Reck v. Stevens*, 373 So.2d 498 (La. 1979)." *Id.* (quoting *Duncan v. Kansas City S. Ry. Co.*, 00–66 (La. 10/30/00), 773 So.2d 670, 682–83).

Tobice Pritchard, was transported by ambulance from the accident scene to Natchez Regional Medical Center, where he presented with neck, shoulder and lower back pain, pain in the back of his left leg, and a headache. Mr. Pritchard was seen by Dr. Edward Obrien, who ordered a CT scan of the thoracic spine, cervical spine, and brain, and an x-ray of the femur. The CT scan of the thoracic spine revealed a chronic fracture of the left L1 traverse process and a small hiatal hernia; the CT scan of the cervical spine revealed no evidence of a fracture or subluxation; the CT scan of the brain revealed no acute intracranial abnormality; and the x-ray of the femur revealed no soft tissue or bony abnormalities. Upon discharge, Dr. Obrien prescribed Methocarbamol 750mg for muscle spasms/pain and Ketorolac 10mg for pain as needed, with instructions for Mr. Pritchard to follow up with his primary care physician as needed. Subsequently, Mr. Pritchard had a follow-up visits on June 10, 2013, at Riverpark Medical Center, in which he presented with continued pain in his neck, shoulder, and back.

Moreover, Mr. Pritchard testified that he refilled his medications once, and although he continues to use over-the-counter medications for his pain, he continues to suffer from pain in his neck, lower back, and left leg. He also testified that since the accident he now wears a back brace and a brace around his chest that somehow helps with his neck pain, although it does not completely alleviate it. Mr. Pritchard also testified that he no longer goes fishing and hunting, activities he enjoyed prior to the accident, because he cannot sit due to the pain, and that his wife is always on him because he doesn't want to go anywhere because he doesn't want to drive. Mr. Pritchard further testified that as a result of the airbag deploying, he suffered bruises and abrasions which took two to three weeks to subside.

Brenda Pritchard, who was a passenger in her husband's vehicle at the time of the accident, was also transported by ambulance from the accident scene to Natchez Regional Medical Center where she presented with head, belly, and neck pain. Mrs. Pritchard was also seen by Dr. Obrien, who ordered a CT scan of the neck, which revealed no acute cervical spine injury. Upon discharge, Dr. Obrien instructed Mrs. Pritchard to follow up with her primary care physician as needed. Subsequently, Mrs. Pritchard had a follow-up visit on June 10, 2013, at Riverpark Medical Center, where she presented with pain in her lower back and right arm. Moreover, Mrs. Pritchard testified at trial that upon impact the "airbag went off and smoke was everywhere," and she was in a panic to get out of the vehicle because she "thought it was on fire." Mrs. Pritchard also testified that she was bruised and sore around her belly where the seatbelt was, and that it took approximately two to three weeks for the bruising's discoloration to subside. Mrs. Pritchard further testified that since the accident, her husband is more paranoid about her driving while he is in the vehicle with her.

8

In the instant case, the parties stipulated that the GEICO policy insuring Defendants has insurance coverage of $50,000.00 per person, $100,000.00 per accident. The trial court concluded that Mr. Pritchard suffered $56,000.00 in general damages and (by stipulation of the parties) $14,166.70 in special damages (subject to a credit in the amount of $5,000.00 previously paid by State Farm Insurance Company), leaving a balance of $9,166.70, for a total of all damages owed of $65,166.70. The trial court reduced those damages to $50,000.00 subject to the stipulated cap. The trial court further concluded that Mrs. Pritchard had $26,000.00 in general damages and (by stipulation of the parties) $6,518.00 in special damages (subject to a credit in the amount of $5,000.00 previously paid by State Farm Insurance Company, leaving a balance due and owing in the amount of $1,518.00), for a total of all damages awarded to Mrs. Pritchard of $27,518.00.

In the instant case, the trial court did not provide written reasons for its award of general damages; however, the award included both special and general damages. Both Plaintiffs testified that they continue to experience pain as a result of the injuries they sustained in the accident almost three years from the accident. Moreover, Mr. Pritchard testified that while he wore a brace while doing physical work prior to the accident, since the accident he now wears one when he "gets out all day long" to keep from hurting. Mrs. Pritchard testified that in addition to the physical pain she has experienced since the accident, both she and her husband are more anxious about driving since the accident.

Considering the facts before us, and considering that the Plaintiffs' injuries include physical pain and suffering, disability, anxiety and despair, we do not find that the trial court abused its discretion in its award of general damages, which included special damages.

9

**ANCILLARY MATTER**:

Plaintiffs, who neither appealed nor answered the appeal, are presently before this court alleging two assignments of error.

**PLAINTIFFS' ASSIGNMENTS OF ERROR:**

1.  The trial court made legal error, as a matter of law, to include the stipulated special damages with the general damages to arrive at the stipulated cap of $50,000.

2.  The trial court made legal error, as a matter of law, to not include the $10,000 med payments (paid to the medical providers by State Farm Ins. Co.) ($5,000 to each plaintiff) into the judgment in favor of plaintiffs when calculating damages.

Louisiana Code of Civil Procedure Article 2133(A) (emphasis added) provides, in pertinent part:

> An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he *must* file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later.

An assertion in a brief cannot serve as an answer to appeal. *Vigh v. State Farm Fire & Cas. Ins. Co.*, 97-381 (La.App. 4 Cir. 11/19/97), 706 So. 2d 480; *Arrow Fence Co., Inc. v. Defrancesch,* 466 So.2d 631 (La.App. 5 Cir.), *writ denied*, 468 So.2d 575 (La.1985). "When a party neither answers an appeal nor cross-appeals, this Court is precluded from reviewing that party's requested relief." *Gottsegen v. Diagnostic Imaging Servs.*, 95-977, p. 8 (La. App. 5 Cir. 3/13/96) 672 So.2d, 940, 944, *writ denied*, 96-707 (La. 4/26/96), 672 So.2d 909. This includes an increase in damages. *Geraci v. Louisiana Dep't. of Transp. and Dev.*, 589 So.2d 1215 (La. Ct. App. 4th Cir. 1991).

Our review of the record reveals that the Plaintiffs did not file an appeal or an answer to the appeal. Rather, Plaintiffs filed their appellate brief and raised legal errors seeking to modify the trial court's award for damages. Assertions in a

brief cannot serve as an appeal or an answer; therefore, Plaintiffs' failure to timely file an appeal or an answer precludes this court from reviewing their requested relief.

## CONCLUSION:

For the foregoing reasons, we amend the judgment that incorrectly cast the minor in judgment, to instead cast Defendants, Edwin and Carla Ratcliff, and their insurer, GEICO, in judgment. In all other respects, the trial court's judgment is affirmed. The costs of this appeal are assessed to Defendants.

**AFFIRMED AS AMENDED.**