NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-222


SIMPLE ENTERPRISES, INC., ET AL.

VERSUS

TEXAS PROPERTY, LLC, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20135599
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.


AMENDED AND AFFIRMED AS AMENDED.

**Ike Huval**
**Duhon Law Firm**
**Post Office Box 52566**
**Lafayette, Louisiana  70505**
**(337) 237-9868**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Texas Property, LLC.**

**Eric Scott Neumann**
**Attorney at Law**
**Post Office Box 2220**
**Lafayette, Louisiana  70502**
**(337) 237-1113**
**COUNSEL FOR INTERVENOR/APPELLEE:**
     **Nedal Qamhiyeh**

**Dustin B. Gibson**
**Dustin B. Gibson Law, L.L.C.**
**1538 West Pinhook Road, Suite 103**
**Lafayette, Louisiana  70503**
**(337) 501-2418**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Simple Enterprises, Inc.**
     **Nolton J. Dalcourt, Jr.**

**CONERY, Judge.**

Simple Enterprises, Inc. (Simple), a juridical entity managed by its sole shareholder, Nolton Dalcourt, Jr. (Dalcourt), leased property from Texas Property, LLC (Texas) from which to run its catering business, Downtown Bistro and Ballroom (the Ballroom). In September 2013, Texas changed the locks on the property and allegedly refused to let Dalcourt back in. Simple and Dalcourt filed suit against Texas for wrongful eviction and seizure. Nadal Qamhiyeh (Qamhiyeh), a prior partner in the Ballroom and a one-third owner of Texas, intervened in the suit, seeking the return of his personal items located at the property. Dalcourt and Simple now jointly appeal the trial court's judgment. They allege the trial court erred in failing to award general damages other than an abusively low $10,000.00 for mental anguish; failed to award special damages; failed to award attorney fees against Defendant, Texas; and failed to award special damages against Intervenor, Qamhiyeh. For the following reasons, we amend the trial court's judgment and affirm as amended.

## FACTS AND PROCEDURAL HISTORY

This case arose out of an alleged wrongful eviction. Dalcourt, who was the sole owner of a corporation, Simple, and Qamhiyeh orally agreed to form a joint venture for purposes of establishing a catering/restaurant business, the Ballroom. Their agreement was that each would contribute equally, profit equally, and share equally in losses in the Ballroom joint venture. Simple entered into a written agreement with Texas to lease property located at 417 Jefferson Street, Lafayette, LA 70501 (the property) from which the Ballroom would operate. At all relevant times, Qamhiyeh was a one-third owner of Texas.

Simple's initial lease with Texas for operation of the Ballroom was in writing and for a six month term, beginning in April 2012. However, in July 2012, Dalcourt orally renegotiated for a month-to-month lease with Texas after Qamhiyeh withdrew from the Ballroom joint venture. On August 27, 2013, Texas placed written notice to vacate on the door of the property because of alleged unpaid rent in the amount of one thousand dollars ($1,000.00). On August 30, 2013, Simple/Dalcourt tendered a check to Texas in the amount of one thousand, two hundred dollars ($1,200.00) to cover payment of the past due rent and prorated future rent through September 2, 2013. Texas accepted the payment that same day.

The Ballroom continued to operate its business from the property. On September 3, 2013, Texas changed the locks on the property's doors and took possession of all of the movable property inside, including equipment, furnishings, and other items belonging to Simple and/or Dalcourt used in operating the Ballroom. Texas allegedly refused to allow Dalcourt to remove anything from the property except for the cash register, money bag, and the ballroom's professional licenses. Simple and Dalcourt jointly filed suit against Texas for wrongful eviction, seeking damages for loss of business opportunity, loss of profits, loss of future income, wrongfully seized movables, and mental anguish; judicial interest on the damages awards; the return of its property; attorney fees; and court costs.

Qamhiyeh intervened with a claim against Simple and/or Dalcourt for the return of thirty-one items allegedly purchased by him before the Ballroom opened; the sum of forty thousand eight hundred and twenty six dollars and thirty-two cents ($40,826.32) plus interest; fifty (50) percent of the Ballroom's profits during the existence of the joint venture; and for court costs. Simple and Dalcourt filed a joint reconventional demand naming Qamhiyeh as defendant-in reconvention and

seeking ownership of items the Ballroom used to operate, some of Dalcourt's personal belongings, plus "all general, consequential and punitive damages" with judicial interest, and court costs.

Fifteen witnesses testified over the course of a three day trial and ample documentary evidence was introduced and/or proffered to support the claims and defenses of the parties, including: whether Simple and/or Dalcourt were wrongfully evicted; the duration of Qamhiyeh and Simple/Dalcourt's joint venture; Simple/Dalcourt's alleged loss of profits, business opportunity, future earnings, wrongfully seized property, and mental anguish; ownership of movable property; and the validity and terms of the lease with Texas. At the close of evidence, the trial court asked for post-trial memoranda and took the matter under advisement. On October 31, 2016, the trial court rendered its judgment and corresponding reasons for ruling. From this judgment, Simple and Dalcourt appealed. This court found the October 31, 2016 judgment lacked proper decretal language and dismissed the appeal, suspended upon the filing of a supplemental record including a judgment containing proper decretal language. On November 27, 2017, an amended judgment was signed by the trial court and it was properly filed with this court.

It is clear from its reasons for ruling that the trial court carefully weighed each witness's testimony and took into consideration the record in its entirety, the evidence adduced at trial, and the law of Louisiana in rendering its judgment. The trial court's judgment found that Simple/Dalcourt was wrongfully evicted by Texas. It declined to award damages to Simple/Dalcourt except for its award of ten-thousand dollars ($10,000.00) in damages for mental anguish awarded to Simple. It ordered Texas to return all itemized movables purchased by Simple/Dalcourt and

3

listed in the November 27 judgment. It also ordered Texas to return to Qamhiyeh the itemized movables listed in the November 27, 2017 judgment, which reflect items purchased by him before he withdrew from the joint venture with Simple in July 2012. Finally, it ordered each party to bear its own attorney fees and cast all court costs against Texas. All other claims, including claims for lost profits, attorney fees, and for an accounting were denied. Simple and Dalcourt have appealed, alleging the trial court was manifestly erroneous in awarding inadequate damages for mental anguish, in declining to award additional general damages, and in declining to award special damages plus attorney fees from Texas and Qamhiyeh. Neither Qamhiyeh nor Texas appealed the trial court's judgment or answered Simple and Dalcourt's appeal.

## ASSIGNMENTS OF ERROR

Simple and Dalcourt, Appellants herein, assert four assignments of error:

A. **Assignment of Error No. 1**
   The trial court was manifestly erroneous in failing to award damages to Petitioner-Appellants for all actual damages, including loss of business opportunity, loss of profits and loss of future income.

B. **Assignment of Error No. 2**
   The trial court was manifestly erroneous in failing to award damages to Petitioner-Appellants for loss of use of wrongfully seized movables and by failing to award attorney's fees.

C. **Assignment of Error No. 3**
   The Trial Court was manifestly erroneous in awarding an abusively low amount to Petitioner-Appellants for mental anguish, emotional distress and humiliation.

D. **Assignment of Error No. 4**
   The trial court was manifestly erroneous in failing to award damages to Petitioner-Appellant, SIMPLE ENTERPRISES, INC., from Defendant, NEDAL QAMHIYEH for failing to pay an equal one-half portion of debts incurred for the operations of Downtown Ballroom and Bistro, from April 2012, through July 2012, prior to withdrawal by NEDAL QAMHIYEH from the joint venture.

4

## LAW AND DISCUSSION

Special damages and general damages have different standards of review. An award of special damages is reviewed pursuant to the manifest error standard of review, unlike a general damage award which is reviewed pursuant to the abuse of discretion standard. *Wainwright v. Fontenot*, 00–0492, p. 5 (La. 10/17/00), 774 So.2d 70, 74, (quoting Frank L. Maraist & Thomas C. Galligan, Jr., LOUISIANA TORT LAW § 7–2 (Michie 1996) (footnotes omitted)); *See also*: *Johnson v. State of Louisiana*, 95-03 (La.App. 1 Cir. 10/6/95), 671 So.2d 454, *writ denied*, 95-2666 (La. 1/5/96), 667 So.2d 522. 'Special damages are those which either must be specially pled or have a 'ready market value,' i.e., the amount of the damages supposedly can be determined with relative certainty.' *Wainwright*, 774 So.2d at 74 (quoting Frank L. Maraist & Thomas C. Galligan, Jr., LOUISIANA TORT LAW § 7-2 (Michie 1996) (footnotes omitted)). The plaintiff bears the burden of proving entitlement to special damages by a preponderance of the evidence. *Johnson*, 671 So.2d at 459.

General damages are those that cannot be fixed with financial precision; instead, they "involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms." *Duncan v. Kansas City Southern Railway Co.*, 00-66, p. 13 (La. 10/30/00), 773 So.2d 670, 682 (quoting *Keeth v. Dep't of Pub. Safety and Trans'p*., 618 So.2d 1154, 1160 (La.App. 2 Cir. 1993)).

'Vast discretion is accorded the trier of fact in fixing general damage awards.' *Duncan*, 773 So.2d at 682. It is well settled that a trial court's findings on the amount of general damages is reviewed for abuse of discretion. *Youn v.*

*Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994). "[T]he discretion vested in the trier of fact is "great," and even vast." *Id.* at 1261. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Id.*

## I.      Simple/Dalcourt v. Texas

### a.      Special Damages

In the instant case, the trial court declined to award special damages to either plaintiff from Texas for loss of business opportunity, loss of profits, and loss of future income. It explained that the tax returns intended to support these claims and referred to and relied on by Simple and Dalcourt's expert, Dallas Fleming,

> do not list specific deductions or expenses necessary to run this business. It is difficult for this court to determine what necessary expenses should be deducted from the estimated profit. This court is unable to distinguish with reasonable certainty what profits or losses [are] attributable to the operation of Downtown Ballroom and Bistro.

The trial court noted that Simple and Dalcourt introduced an estimate of Simple's monthly business income, expert testimony as to Simple's monthly business income, Simple's tax returns for 2009-2014, and seventeen contracts for events that Simple had to cancel once Texas changed the property's locks and seized Simple/Dalcourt's property. However, the trial court found that:

> no evidence was submitted for this court to be able to determine what amount of [the contracts'] price would be necessary to perform their obligation and what would be considered profit. Also, the estimate of future profits would be speculative, because the month-to-month lease could have been cancelled at the end of the month long term. As a result, Downtown Ballroom and Bistro would not have a premises secured beyond the one month term of the oral lease and could not show a loss of profits beyond the term of the lease.

6

The trial court found that the evidence adduced at trial was "insufficient to calculate an amount of loss of profit with reasonable certainty," which is required by Louisiana jurisprudence before special damages can be awarded.

After carefully reviewing the record in its entirety, we find the trial court was not manifestly erroneous in either its findings or its decision not to award special damages to Simple/Dalcourt and against Texas.

**b.    General Damages**

Simple/Dalcourt also allege the trial court abused its discretion when it failed to award general damages for loss of use of wrongfully seized property, and claim the amount of general damages awarded for mental anguish was inadequate.

While the court did classify the movables as tools of Simple/Dalcourt's trade that were exempt from seizure, it also found that Texas had tried to return the items after litigation was initiated and Simple/Dalcourt refused to accept them. In lieu of awarding monetary damages to Simple/Dalcourt, the trial court ordered Texas to "return to Plaintiff, **SIMPLE ENTERPRISES, INC.**, the following described movable property[.]"  It then listed the items found to be owned and purchased by Simple that were to be returned by Texas. Return of the items was alternative relief prayed for in Simple and Dalcourt's first petition for damages.

The trial court did award general damages to Simple for mental anguish.  On appeal, Simple and Dalcourt assert that the trial court's ten-thousand dollar ($10,000.00) award was "abusively low." To support its award of damages for mental anguish, the trial court cited *Moses v. Am. Sec. Bank of Ville Platte*, 222 So.2d 899, 904 (La.App. 3 Cir. 1969), in which a panel of this court held that "[a] party aggrieved by a wrongful seizure is entitled to recover . . . damages (if proven)

7

by way of mortification, humiliation, [and] mental worry, etc., caused by the violation of his property rights."

The trial court found it "reasonable to argue that the abrupt closing and ceasing of business of Downtown Ballroom and Bistro adversely affected the plaintiff's reputation[]" and that Simple/Dalcourt "suffered humiliation as a result of having to cancel numerous contracts, due to the wrongful eviction." Taking into consideration this court's ruling in *Duhon v. Briley*, 12-1137, 12-1138, p. 13 (La.App. 4 Cir. 5/23/13), 117 So.3d 253, 262 in which the court stated "the mere fact that plaintiff was wrongfully deprived of his property necessarily means that some mental anguish and humiliation and embarrassment resulted," the trial court awarded ten thousand dollars ($10,000.00) for mental anguish.

The judgment awards Simple $10,000.00 for mental anguish in accordance with the "wrongful seizure" jurisprudence, which provides a cause of action for mental anguish damages when property is wrongfully seized. "A party aggrieved by a wrongful seizure is entitled to recover not only the special damages caused him thereby, but also general damages (if proven) by way of mortification, humiliation, mental worry, etc., caused by this intentional violation of his property rights." *Moses v. Am. Sec. Bank of Ville Platte*, 222 So.2d 899, 904 (La.1969). Importantly, the judgment does not award any damages to Dalcourt individually.

It is axiomatic that recovery for mental anguish must be because of an actual mental injury. *See Zaveri v. Husers*, 16-866, 16-867 (La.App. 3 Cir. 6/21/17), 224 So.3d 389, 405, *writ denied*, 17-1286 (La. 11/6/17), — So.3d — (quoting *Moss v. Town of Rayville*, 50,189, p.4 (La.App. 2 Cir. 11/18/15), 181 So.3d 809,813, "[T]he mental anguish must be a real mental injury. The usual worry over consequences of property damage will not justify an award for mental anguish

damages.') *See also*: *Heard v. Affordable Movers, Inc.*, 40,432 (La.App. 2 Cir. 12/14/05), 917 So.2d 722; *Gaynor v. State Farm Mut. Auto. Ins. Co.*, 98-1374 (La.App. 4 Cir. 2/10/99), 727 So.2d 1279; *Sierra v. Am. Alternative Ins. Co.*, 13-1808 (La.App. 1 Cir. 6/18/14), 147 So.3d 1125 (requiring real mental injury be proved before damages for mental anguish can be awarded).

A corporation by its very nature cannot suffer real mental injury. A corporation is a juridical person as opposed to a natural one and is treated as "a person" separate and apart from its shareholders and directors. "Shareholders cannot sue in their own name to recover damages to corporate property." *Glod v. Baker*, 02-988, p. 13 (La.App. 3 Cir. 8/6/03), 851 So.2d 1255, 1265, *writ denied*, 03-2482 (La. 11/26/03), 860 So.2d 1135. Accordingly, we find that the trial court erred in granting mental anguish damages to Simple and we reverse that portion of the judgment.

Having found that Simple cannot recover damages for mental anguish, we extend our analysis to determine whether Dalcourt could recover mental anguish damages in his individual capacity.

"An action can only be brought by a person having a real and actual interest which he asserts." *Glod*, 851 So.2d at 1264 (citing La.Code Civ.P. art. 681). Nolton Dalcourt, Jr. is named as a plaintiff in the appearance clauses and prayers for relief in the petition and supplemental and amending petition.

The trial court found that Simple and Dalcourt were wrongfully evicted. "The rule in Louisiana is that a shareholder has no separate or individual right of action against third persons . . . for wrongs committed against or causing damage to the corporation." *Id.* "The right of action lies only with the corporation even though one person is the sole owner of the stock." *Id* at 1265.

> The debts and obligations due to a corporation are not due to the individuals who compose its membership. If a corporation has sustained a loss then only that corporation can sue to recover it. A person who conducts business in corporate form and reaps the benefits of incorporation cannot sue individually for damages incurred by the corporation.

*Glod*, 851 So.2d at 1266 (quoting *Hinchman v. Oubre*, 445 So.2d 1313, 1317 (La.App. 4 Cir. 1984)). "[T]he corporation and its stockholders are not one and the same even though the number of stockholders be reduced to one person." *Mente & Co. v. La. State Rice Milling Co.*, 176 La. 476, 146 So. 28, 29 (1933). However, "[i]f the tort-based loss belongs to the shareholder, he has a right to sue for its recovery, even though the corporation has also suffered damages caused by the same harm." *Glod*, 851 So.2d at 1266.

The uncontroverted evidence was that Simple was solely owned and operated by Dalcourt. It was Dalcourt who came to the business, found the doors locked and was unable to operate the business due to the wrongful seizure.

For these reasons, we conclude that it would be appropriate for us to amend the $10,000.00 for mental anguish to Simple and we award that sum to Dalcourt. The trial court's judgment awarding Simple $10,000.00 is reversed and amended to award the $10,000 in mental anguish damages to Dalcourt. We find that the trial court was within its vast discretion in awarding $10,000.00 for mental anguish. It is significant to note that Texas did not appeal the mental anguish award.

c.    **Attorney Fees**

In their last assignment of error concerning Texas, Simple/Dalcourt allege the trial court was manifestly erroneous in failing to award attorney fees for the loss of use of wrongfully seized movables. "The decision to impose penalties and attorney fees is essentially a factual issue subject to the manifest error or clearly

wrong standard of review." *Weaver v. Southern Erectors, Inc. of Florida*, 10-783, p. 13 (La.App. 3 Cir. 12/8/10), 53 So.3d 547, 555. In reviewing a record for manifest error, "the issue before the court of appeal is not whether the trier of fact was right or wrong, but whether the fact-finder's conclusion was a reasonable one." *Snider v. La. Med. Mut. Ins. Co.*, 14-1964, p.5 (La. 5/5/15), 169 So.3d 319, 323, (citing *Clay v. Our Lady of Lourdes Regional Medical Center*, 11–1797 (La. 5/8/12), 93 So.3d 536). "Where the factfinder's determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous." *Id*. at 323. *See also*: *Bellard v. American Central Ins. Co.*, 07–1335 (La. 4/18/08), 980 So.2d 654, 672. Essentially, only when "documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness." *Rosell v. ESCO*, 549 So.2d 840, 844-45 (La.1989).

In order to reverse a factfinder's determination, an appellate court must review the record in its entirety and: (1) "find from the record that a reasonable factual basis does not exist for the finding," and (2) "further determine that the record establishes that the finding is clearly wrong (manifestly erroneous)." *Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880, 882 (La.1993). "An appellate court may not disturb a finding of fact unless the record establishes that a factual, reasonable basis does not exist and the finding is clearly wrong or manifestly erroneous" *Menard v. Stroy*, 16-609, p. 3 (La.App. 3 Cir. 12/21/16), 210 So.3d 302, 304.

Whether attorney's fees should be awarded is "left to the sound discretion of the trial judge and should not be disturbed on appeal absent a showing of abuse of discretion." *Miller v. Ecung*, 96–267, p. 3 (La.App. 3 Cir. 6/5/96); 676 So.2d 656, 658.

After carefully reviewing the entire record, we find no manifest error in the trial court's denial of attorney fees to Simple/Dalcourt and against Texas.

## II.    Simple/Dalcourt v. Qamhiyeh

Simple/Dalcourt appeals the trial court's decision not to award damages against Qamhiyeh pursuant to their reconventional demand. As previously stated, the trial court is given great latitude in making its factual determinations. We cannot overturn a trial court's factual findings without first finding manifest error. *See Menard*, 210 So.3d 302.

In this case, the trial court found that Qamhiyeh was entitled to one-half of the Ballroom's profits during these months, but before he withdrew from the venture, it made no profit. It determined the ownership of and granted each respective party possession of their movable property in dispute. After carefully reviewing the record in its entirety, we find that there is sufficient evidence in the record to support the trial court's judgment and find no manifest error on the part of the trial court.

## CONCLUSION

The record provides more than ample support for the trial court's judgment. The trial court did not abuse its discretion in rendering its judgment on general damages and was not manifestly erroneous in rendering judgment on special damages and attorney fees, and in denying the reconventional demand against Qamhiyeh. The trial court's judgment is amended to delete the award of $10,000 in

mental anguish damages to Simple Enterprises, Inc.  This Court hereby amends the judgment to award $10,000.00 in general damages to Nolton J. Dalcourt, Jr. against Texas Property, LLC.  In all other respects, the judgment of the trial court is affirmed in its entirety, as amended.  All costs of this appeal are assessed against Appellees, Texas Properties, LLC and Nedal Qamhiyeh.

**AMENDED AND AFFIRMED AS AMENDED.**
This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.